**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD JOHN HERISKO, | No. 08-56801 |
| Plaintiff - Appellant, | D.C. No. 5:07-cv-00981-SGL-OP |
| v. | |
| BANK OF AMERICA; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Argued and Submitted February 12, 2010
Pasadena, California

Before: THOMAS and SILVERMAN, Circuit Judges, and BEISTLINE, [**] Chief
District Judge.

Plaintiff appeals the district court's adverse summary judgment ruling,

dismissing claims he asserted under the Fair Credit Reporting Act, 15 U.S.C. §§

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Ralph R. Beistline, United States District Judge for the
District of Alaska, sitting by designation.

1681–1681x ("FCRA"), against Defendants Bank of America and Experian. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

In order to trigger a credit reporting agency's duty under the FCRA to investigate a claim of inaccurate information, a consumer must notify the agency of the purported reporting error. See 15 U.S.C. § 1681i(1)(A). Here, the only notice Plaintiff provided to Experian about his dispute was a letter claiming that his credit information was inaccurate because his second mortgage with Bank of America "was not discharged" but rather "exempted from the [b]ankruptcy under California exemptions." This letter did not put Experian on notice that Plaintiff was claiming a different purported inaccuracy, *i.e.*, that his credit report failed to reflect the fact and consequences of his second mortgage "riding through" his bankruptcy. This is the alleged inaccuracy underlying the present suit. Plaintiff's dispute letter was therefore insufficient to trigger Experian's duty under § 1681i. The district court properly dismissed Plaintiff's claim against Experian.

Plaintiff's deficient notice to Experian also proves fatal to his claim against Bank of America. A consumer may sue a furnisher of credit information, such as Bank of America, only if such furnisher breaches a list of duties enumerated in § 1681s-2(b). See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009). However, "[t]hese duties arise only after *the furnisher* receives notice

of dispute *from a* [*credit reporting agency*] . . . ." Id. (emphasis added).  Not only is there no record evidence that Experian ever notified Bank of America of Plaintiff's dispute, but even if Experian had forwarded Plaintiff's dispute letter to the bank, such notice would have borne no relationship to the purported inaccuracies underlying Plaintiff's claims here.  Accordingly, the district court properly dismissed Plaintiff's claim against Bank of America.

Although the district court granted summary judgment to Defendants because it found that the information contained in Plaintiff's credit report was not "inaccurate" under § 1681e(b), we may affirm the district court's ruling on any basis supported by the record.  McSherry v. City of Long Beach, 584 F.3d 1129, 1135 (9th Cir. 2009). We do so here, and therefore do not consider the accuracy issue or any other issue raised by the parties.

**AFFIRMED.**